UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEROME DEXTER TITA,

    Plaintiff,

v.                                                            Case No. 3:23cv24596-MCR-HTC

SHELTON, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Jerome Dexter Tita, proceeding *pro se*, initiated this action on September 29, 2023, by filing a civil rights complaint under 42 U.S.C. § 1983, ECF Doc. 1, and a motion to proceed *in forma pauperis*, ECF Doc. 2. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(g) because (1) Plaintiff is a three-striker who has not shown he is in imminent danger of serious physical injury and who is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit and (2) Plaintiff failed to truthfully disclose his litigation history.

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Wakulla Correctional Institution ("WCI"). Plaintiff was

previously confined at Santa Rosa Correctional Institution ("SRCI"). His complaint names thirteen defendants. ECF Doc. 1 at 2-3, 16-18. While confined at SRCI, the complaint alleges ten employees of that facility orchestrated, participated in, acquiesced to, and/or failed to properly document and investigate a physical assault on Plaintiff. *Id.* at 5-6, 19-22. The remaining defendants, one FDOC and two WCI employees, allegedly failed to protect incarcerated individuals, generally, and specifically mishandled Plaintiff's grievance submissions. *Id.* at 22-23.

I.      **THREE-STRIKER STATUS**

Title 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act ("PLRA") prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing

fee at the time he initiates the suit") (emphasis omitted); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Plaintiff is a three-striker, as he has brought at least three federal actions that were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Tita v. Levenson, et al.*, No. 0:11-cv-61502-JIC, ECF Doc. 10 (S.D. Fla. Sept. 15, 2011); *Tita v. Packer*, No. 0:11-cv-61516-JIC, ECF Doc. 9 (S.D. Fla. Sept. 15, 2011); *Tita v. Lazar, et al.*, No. 0:11-cv-61515-CMA, ECF Doc. 8 (Sept. 8, 2011); *Tita v. Grandinetti, et al.*, No. 1:11-cv-22227-AJ, ECF Doc. 8 (S.D. Fla. Aug. 29, 2011). The plaintiff in each of those actions bears the same name as Plaintiff, which is not a common name, and has similar handwriting as the handwriting on Plaintiff's complaint.

Because Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Here, Plaintiff is under no such danger where the ten Defendants allegedly involved in the complained-of assault are employees of SRCI and Plaintiff is currently confined at WCI. Moreover, the remaining

Defendants' alleged actions do not implicate physical injury to Plaintiff.  *See* ECF Doc. 1.  Thus, it was incumbent upon him to pay the full filing fee with the initiation of this action, and his failure to do so warrants dismissal.  *See Dupree*, 284 F.3d at 1236.

## II.    FAILURE TO DISCLOSE

As an additional and independent basis for dismissal, Plaintiff failed to truthfully disclose his litigation history on the complaint form he submitted to the Court.  That form specifically asked him to identify any prior federal cases he filed, which (1) count as "strikes" or (2) either challenged Plaintiff's conviction or otherwise related to his conditions of confinement.  *See* ECF Doc. 1 at 8–11.  Although Plaintiff disclosed one case in the second category, he failed to disclose *any* prior case he filed that was dismissed for failure to state a claim.  *See id.*  Nevertheless, Plaintiff signed the complaint "under penalty of perjury that the foregoing (including all continuation pages) is true and correct."  *Id.* at 12-13.  Evidently, Plaintiff's averment of having no prior federal court cases dismissed for failure to state a claim was false.

Plaintiff's failure to disclose his prior cases is a malicious abuse of the judicial process which warrants dismissal.  *See, e.g.*, *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).  As

Case No. 3:23cv24596-MCR-HTC

recently stated in an order of dismissal for failure to disclose by one of this District's judges, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, ECF Doc. 52 at 1-2 (N.D. Fla. June 7, 2020).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF Doc. 2, is DENIED.

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g), as well as for being malicious based upon Plaintiff's failure to truthfully disclose his litigation history.

2. That the clerk close the file.

At Pensacola, Florida, this 10th day of October, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.